NORDLINGER *et al. v.* ROBERTSON, Collector.

*(Circuit Court, S. D. New York.* January 26, 1887.)

CUSTOMS DUTIES—WHAT SUBJECT TO—"SEED"—MILLET FOR FOOD.
    Millet seed, not in its natural state, but peeled, having the outer hull removed, and which will not germinate, used for making soup, and also for bird food, found by the jury not to be a "seed" within the meaning of the tariff act.

Action to Recover back Customs Duties.

The plaintiffs imported 200 packs of millet seed by the steamer Moravia, December 29, 1884, upon which the defendant, Robertson, collector of customs at the port of New York, levied a duty of 20 per cent. *ad valorem,* under section 2513, Heyl, Imp. D. 837, as an article manufactured in whole or in part, not enumerated or provided for. The plaintiff protested against this exaction, claiming the merchandise to be free under section 2503, Heyl, Imp. D. 760, within the clause, "Seeds of all

kinds, except medicinal seeds, not specially enumerated or provided for in this act." The merchandise was shown to be millet seed, hulled, used for bird food, and for cooking, and eating in soups. It was not in its natural state, and, upon trial in a germinator, would not sprout or grow.

*Stephen G. Clarke,* for plaintiffs.

*Stephen A. Walker,* U. S. Atty., and *Henry C. Platt,* Asst. U. S. Atty., for defendant.

SHIPMAN, J., (*charging jury.*) The question is whether this article is a seed. The plaintiffs must satisfy you by a fair preponderance of proof that it is a seed. It has the appearance and name of a seed. It is testified, and it is probably true, that it is not in the natural state; that it would not grow if planted; that the germ is destroyed; and that it is used for soups and for food for birds. What has been done to it is not shown by any testimony; what process has been applied to it is not stated. It is for you to say whether it has been changed from the condition of a seed to something else.